

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00088-CR

**GWENDOLYNE INEZ GREENE,**

                                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                               **Appellee**

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. 11-20,804

## MEMORANDUM OPINION

Gwendolyn Inez Greene pled guilty to the offense of aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.04(a)(3) (West 2011). After a hearing before the jury on punishment, Greene was sentenced to life in prison. Greene appeals; and we affirm.

Greene's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Greene was informed of her right to submit a brief or other response on her own behalf, and she did. However, we review a pro se brief or other response solely to determine if there are any arguable

grounds for appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Counsel asserts that she has "thoroughly and conscientiously" reviewed the complete reporter's record and clerk's record in the underlying proceeding in search of potentially meritorious issues on appeal. Counsel specifically discusses various evidentiary rulings including Texas Rule of Evidence 403(b) balancing evaluations and the effectiveness of counsel. Counsel concludes that after due diligence, she can find no potentially meritorious issues to assert and is of the opinion that the appeal is frivolous. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing the briefs, including Greene's pro se response, and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Greene wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request that she be allowed to withdraw from representation of Greene is granted. Additionally, counsel must send Greene a copy of our decision, notify her of her right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Motion to withdraw granted
Opinion delivered and filed February 7, 2013
Do not publish
[CRPM]